UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ATAOLLAH ETEMADI,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-CV-00696-RP** |
| | § | |
| | § | |
| **AUDRIA FOGARTY-RAMIREZ,** | § | |
| **JACLYN ALCOSER,** | § | |
| *Defendants* | | |

### ORDER ON *IN FORMA PAUPERIS* STATUS

Before the Court are Plaintiff Ataollah Etemadi's complaint, Dkt. 1, application to proceed *in forma pauperis*, Dkt. 2, and motion to amend, Dkt. 8. The District Judge referred the motion to proceed *in forma pauperis* and the motion to amend to the undersigned for disposition. *See* Dkts. 5; 8. Having reviewed the filings and the relevant law, the undersigned issues the following order.

### A. MOTION TO AMEND

A party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After this time period has passed, a party may amend its pleading with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously

1

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *see McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012).

Etemadi has already filed an amended complaint. Dkt. 7. He seeks leave to file a second amended complaint to add a claim for unreasonable seizure under the Fourth Amendment and allegations supporting his other claims. Dkt. 8, at 2; *see* Dkt. 8-1. After reviewing the motion to amend, the Court concludes there has been no undue delay or bad faith on Etemadi's part. *See Jones*, 427 F.3d at 994. Nor has Etemadi repeatedly failed to cure deficiencies. *See id.* There will be no undue prejudice to Defendants by virtue of allowance of the amendment, especially given that no Defendant has been served. *See id.* Finally, as explained below, amendment would not be futile. *See id.*

Accordingly, **IT IS ORDERED** that Etemadi's motion to amend, Dkt. 8, is **GRANTED**. The Court next evaluates Etemadi's amended complaint for frivolousness pursuant to 28 U.S.C. § 1915.

## B. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The undersigned has reviewed Etemadi's financial affidavit and determined that he is indigent and should be granted leave to proceed *in forma pauperis*, without prepayment of fees.

Accordingly, the Court hereby **ORDERS** Etemadi's request to proceed *in forma pauperis*, Dkt. 2, is **GRANTED**. The Clerk of the Court shall file Etemadi's

complaint without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Etemadi is further advised, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Because Etemadi has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under §1915(e)(2). After reviewing Etemadi's complaint, the Court has determined that this case should not be dismissed as frivolous at this time. *See generally Saloom v. Tex. Dep't of Fam. & Child Protective Servs.*, 578 F. App'x 426 (5th Cir. 2014). However, the Court cautions Etemadi that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e).

The Court **FURTHER ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Etemadi's amended complaint, Dkt. 8-1, upon the named defendants under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The Court **FINALLY ORDERS** Etemadi's request for permission to file electronically in this matter, Dkt. 3, is **GRANTED**. Etemadi is instructed to review the Court's Administrative Policies and Procedures for Electronic Filing, and is

reminded that under Section 6(h) of those Policies and Procedures, "if it is determined by the Court that the Filing User is abusing the privilege to electronically file documents or is consistently error prone in electronic filing, the Filing User's registration may be rescinded."

The referral of this case to the undersigned should now be canceled.

SIGNED June 17, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE